# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID ELYSEE, | : |
| Petitioner, | : Civ. No. 16-3697 (KM) |
| v. | : |
| UNITED STATES OF AMERICA, | : **OPINION** |
| Respondent. | : |

*Pro se* petitioner, David Elysee, is a federal prisoner confined at F.C.I. Fort Dix in Fort Dix, New Jersey. He has filed a motion to correct sentence pursuant to 28 U.S.C. § 2255. He asserts a claim under the recent United States Supreme Court decision *Johnson v. United States*, 135 S. Ct. 2551 (2015).

This Court issued the required *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) notice on Mr. Elysee on January 30, 2017. That notice gave Mr. Elysee forty-five days in which to choose either to proceed with his § 2255 motion as is, or to withdraw his § 2255 motion and file an all-inclusive amended § 2255 motion. Thereafter, on February 23, 2017, Mr. Elysee filed a letter that stated that he was in the SHU and unable to access any of his legal materials to put him in the proper position to respond to the *Miller* notice. Mr. Elysee sought a stay of these proceedings until such time as he is returned to general population.

In response to Mr. Elysee's February 23, 2017 letter, on May 15, 2017, this Court issued an order to show cause on Mr. Elysee why he could not respond to the *Miller* notice. This Court noted that it had now been three months since Mr. Elysee had filed a request for a stay. Accordingly, this Court gave Mr. Elysee thirty days in which to show cause why he could not respond to the *Miller* notice. Furthermore, this Court instructed Mr. Elysee that failure to respond

to the May 15, 2017 order would result in this Court presuming that he wished to proceed with his § 2255 motion as is. Mr. Elysee never responded to the May 15, 2017 order. Therefore, this Court will proceed to rule on his § 2255 motion as is.

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, this Court must screen the § 2255 motion. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* 28 U.S.C. § 2255 Rule 4(b). For the following reasons, the § 2255 motion will be summarily dismissed.

In *Johnson*, the United States Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally void for vagueness. *See* 135 S. Ct. at 2556-57. In his § 2255 motion, Mr. Elysee asserts that his sentence should be corrected because it was improperly enhanced by a in the United States Sentencing Guidelines that is indistinguishable from the statutory provision found unconstitutional in *Johnson*. However, Mr. Elysee's claim is foreclosed by the recent Supreme Court decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). In *Beckles*, the Supreme Court held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause." *See id.* at 895. Because Mr. Elysee's challenge is to an enhancement under the Sentencing Guidelines, *Beckles* warrants summary dismissal of his § 2255 motion.

I will also deny a certificate of appealability. Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could

disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Applying this standard, I find that a certificate of appealability shall not issue in this case. An appropriate order will be entered.

DATED: June 30, 2017

KEVIN MCNULTY
United States District Judge